**RONG QIN KE and Shu Shu Xu, Petitioners–Appellants,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent–Appellee.**

**No. 04–1885–AG.**

United States Court of Appeals, Second Circuit.

March 2, 2006.

Gary J. Yerman, New York, NY, for Petitioners–Appellants.

Barbara Colby Tanase, Assistant United States Attorney, for Margaret M. Chiara, United States Attorney, Western District of Michigan, Lansing, MI, for Respondent–Appellee.

Present: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

The petitioners, Rong Qin Ke and her minor son Shu Shu Xu, petition for review of the March 2004 order of the BIA dismissing Ke's appeal from the decision of the immigration judge ("IJ"), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history, which we reference only as necessary to explain our decision.

The IJ found incredible Ke's testimony regarding what she described as her forced abortion and her husband's forced sterilization. On the basis of that adverse credibility finding, the IJ rejected Ke's asylum, withholding of removal, and CAT claims. Ke then appealed the denial of her claims for asylum and withholding of removal to the BIA. In its order, the BIA adopted and affirmed the IJ's decision, stating that the adverse credibility finding was sufficiently supported by the record. The BIA then specifically discussed three grounds for the adverse credibility finding, one of which had been described by the IJ in rendering his oral decision, and the other two of which had not been described by the IJ. On appeal, Ke contends that the IJ's adverse credibility finding was not supported by substantial evidence and that, to the extent the BIA affirmed the adverse credibility finding on the basis of grounds not explicitly discussed by the IJ, the BIA engaged in improper fact-finding in contravention of 8 C.F.R. § 1003.1(d)(3).

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005). We have explained that where "the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005).

We conclude that there was substantial evidence supporting the adverse credibility finding. We do find problematic some of the rationales cited by the IJ, such as, for instance, the IJ's suggestion that Ke's account of being taken for a forced abortion must have been untrue because Ke herself could not explain how the Chinese government would have learned of her pregnancy. However, we agree with the IJ that Ke's testimony about the government's purported efforts to sterilize her husband was inconsistent and implausible. Indeed, when the IJ asked Ke why, given the events described in her testimony, the officials had not again sought to sterilize her husband after it became clear that he was

still fertile, Ke first stated that her husband was still in hiding. Then, when the IJ confronted her with the fact that she had previously testified that her husband was living at home, Ke reversed herself and stated that her husband was at home and that the relevant officials knew of his whereabouts, but that the officials were not sterilizing her husband because they knew that she was already in the United States. "Where the IJ's adverse credibility finding is based on specific examples in the record of 'inconsistent statements' by the asylum applicant about matters material to his claim of persecution, or on 'contradictory evidence' or 'inherently improbable testimony' regarding such matters, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004) (citations omitted).

Moreover, as noted by both the IJ and the BIA, the adverse credibility finding was further supported by the inconsistencies between Ke's testimony and the State Department report, which—while not binding on an IJ—serves as a useful source of information on country conditions. *See, e.g., Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 164 (2d Cir.2006) (stating that "the immigration court should be careful not to place *excessive* reliance on published reports of the Department of State," but that "the weight to afford to such evidence 'lies largely' within the discretion of the IJ") (internal citation omitted). Therefore, although some of the other bases cited by the IJ and BIA appear questionable, "the IJ's ultimate ruling— namely, that petitioner failed to provide a credible account of persecution and thus failed to satisfy her burden of proof—is supported by substantial evidence and it is clear that the same decision would be made on remand." *Id.* at 163. As such, we reject Ke's argument that the adverse credibility finding was not supported by substantial evidence. Because we conclude that the grounds set forth in the IJ's decision—which the BIA explicitly adopted and affirmed—provide substantial evidence for the IJ's adverse credibility finding, we need not address Ke's argument that the BIA engaged in "improper fact-finding" when it adopted and affirmed the IJ's decision and then proceeded to set forth additional bases for that decision based upon its own review of the record.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.